UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X – –

KALAMATA CAPITAL GROUP LLC,

                                    Plaintiff,                          Docket No.: 24-BK-003387-PB

- against -

VARALUZ LLC dba VARLUZ CASA; LAFORGE
DESIGN CORP; VARALUZ LLC; VARALUZ LLC;
VARALUZ LIGHTING; VARALUZ and RONALD
HENDERSON,

                                    Defendants

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**BERKOVITCH & BOUSKILA PLLC**
Ariel Bouskila, Esq.
1545 Route 202 Suite
101 Pomona, NY
10970
Tel.: 212-729-1477
Email: ari@bblawpllc.com

*Counsel for Plaintiff*

# **Table of Contents**

PRELIMINARY STATEMENT ................................................................................. 3

STATEMENT OF FACTS .......................................................................................... 4

ARGUMENT .............................................................................................................. 4

I.   STANDARD OF REVIEW ............................................................................ 5

II.   THE COURT LACKS JURISDICTION OVER THE CLAIMS AGAINST
THE NON-DEBTOR DEFENDANTS IN THE STATE COURT ACTION. ......... 6

A.  This Court does not have Jurisdiction over the Claims against the Non-
Debtor Defendants Pursuant to 28 U.S.C. § 1334. ....................................... 6

B.  28 U.S.C. § 1367 does not Provide the Court with Jurisdiction over the State
Court Action. .................................................................................................. 13

III.   THE COURT MUST ABSTAIN FROM ADJUDICATING THE CLAIMS
IN THIS ACTION. ................................................................................................. 16

IV.   THE DOCTRINES OF PERMISSIVE ABSTENTION AND EQUITABLE
REMAND SHOULD BE APPLIED IF THE COURT DETERMINES
MANDATORY ABSTENTION IS NOT APPLICABLE. .................................... 18

CONCLUSION ......................................................................................................... 22

## <u>PRELIMINARY STATEMENT</u>

Plaintiff respectfully submits this Memorandum of Law in support of Plaintiff's motion for remand, abstain and/or sever pursuant to 28 U.S.C. §§ 1334, 1447(c) & 1452(b).

Plaintiff initially filed this action in the New York State Supreme Court but Defendants removed it to this federal court pursuant to a Notice of Removal.  The sole basis of the removal a Chapter 11 bankruptcy case filed by one of the numerous Defendants, Varaluz LLC (the "Debtor Merchant") after commencement of Plaintiff's state court action.  In fact, there is no relationship between the causes of action in the state court action and the bankruptcy case.    Furthermore, judgment enforcement against the Debtor Merchant cannot occur by the operation of the automatic stay imposed by Section 362 of the Bankruptcy Code, whether this action is litigated in federal or state court.

There are no legitimate objectives accomplished by removing this action from State Court. All of the causes of action are state law claims governed by New York Law that accrued prior to the filing of the Bankruptcy Case.  The Notice of Removal was filed six dates after Defendants opposition was due on the Motion for Default Judgment, and one day before the return date of the Motion, ostensibly to prevent the imminent entry of a judgment that Defendants – all but one of which has not filed for bankruptcy -- have conceded, by virtue of their lack of participation in the State Court Action, that they owe to Plaintiff.

 The claims against the non-debtor Defendants are not related to the Bankruptcy Case or any proceedings therein in any other manner.  Because the claims against the Debtor Merchant are stayed under any scenario, the only impact of removal is:  (1) undue delay, especially considering that there is a pending motion for default judgment in the State Court, and (2) to force this Court to eventually

adjudicate only state law common law claims over which this court otherwise has no jurisdiction.

For these reasons, as more fully developed and set forth in the legal arguments below, the Court should abstain from hearing the claims contained herein and remand the State Court Action to the State Court or sever the claims against the non-debtor Defendants and remand those claims to the State Court.

## STATEMENT OF FACTS

The facts relevant for the instant motion are set forth in the accompanying Declaration of Ariel Bouskila, dated July 17, 2024 ("Bouskila Dec.") and for the sake of brevity are incorporated herein by reference and not fully set forth.

## ARGUMENT

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter [over a removed case], the case shall be remanded." Defendants assert three bases upon which they believe that this Court has jurisdiction over the State Court Action: (1) that the State Court Action is a "core proceeding within the meaning of 11 U.S.C. § 157(b)(2)(A); (2) even if Plaintiff's causes of action could be deemed "non-core," they are nevertheless "related to" the bankruptcy proceeding for purposes of 28 U.S.C 1334(b); and (3) that the Plaintiff's claims are so inextricably related to the Plaintiff's bankruptcy-related claims that they are part of the same case or controversy under Article 3 of the United States Constitution and, as a result they are subject to the jurisdiction of the Bankruptcy Court and this Court pursuant to 28 U.S.C. § 1367.

As set forth below, none of the pending state law claims constitutes a "core" claim. Furthermore, the only claim that could even be conceivably related to the Bankruptcy Case pursuant to 28 U.S.C. 1334(b) is the claim against the Debtor Merchant. There is no basis for jurisdiction

over the non-debtor Defendants pursuant to 28 U.S.C. 1334(b).  Defendants attempt, however, to "bootstrap" the claims against the non-debtor Defendants to the claims against the Debtor Merchant pursuant to the "supplemental jurisdiction" statute (28 U.S.C. § 1367).  However, that statute applies only where there the same set of facts form the basis for the state and any federal claims.  There are no federal claims asserted in this action.  To the extent the bankruptcy filing implicates federal law, that law is still not supported by the same allegations as those that form the basis for the state law claims, and it is limited to the claims against the Debtor Merchant.

Even if the Court were to find "related to" jurisdiction over the claims asserted against the non-debtor Merchants and/or the Debtor Merchant, it must abstain from hearing those claims pursuant to the mandatory abstention doctrine codified at 28 U.S.C. 1334(c)(2).  If the Court determines that mandatory abstention is not triggered in this case, the discretionary abstention and equitable remand provisions contained in 28 U.S.C. §§ 1334(c)(1) & 1452(b), respectively, warrant abstention and/or remand of this case back to the State Court.

## I.   STANDARD OF REVIEW

"Removal jurisdiction must be strictly construed, both because federal courts are courts of limited jurisdiction and because removal of a case implicates federalism concerns." Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376 (S.D.N.Y. 200) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)).  "All doubt should be resolved in favor of remand." Id. at 379. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affirs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994); see also, FDIC v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2006) ("[O]ut of respect for the independence of state courts, and in order to control the federal docket,

'federal courts construe the removal statute narrowly, resolving any doubts against removability.") (quoting Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 179 (S.D.N.Y. 2003)). "Removal jurisdiction, moreover, is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." Frontier Ins., supra, 111 F. Supp. 2d at 378 (citing Caterpiller v. Williams, 482 U.S. 386, 391-92 (1987). The removing party bears the burden of establishing the propriety of the removal. Still v. DeBuono, 927 F. Supp. 125, 129 (S.D.N.Y. 1996).

Defendants have failed to meet this burden for the reasons stated herein.

## II.    THE COURT LACKS JURISDICTION OVER THE CLAIMS AGAINST THE NON-DEBTOR DEFENDANTS IN THE STATE COURT ACTION.

As stated above, in order to remove an action to federal court, there must be a basis for original jurisdiction. The two bases upon which the Defendants claim that this Court has jurisdiction over the claims in the State Court Action are 28 U.S.C. § 1334 & 1367. Neither are sufficient to form a basis to assert jurisdiction over the non-debtor Defendants.

### A.    This Court does not have Jurisdiction over the Claims against the Non-Debtor Defendants Pursuant to 28 U.S.C. § 1334.

Pursuant to 28 U.S.C. § 1452(a), a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending, if such district court has jurisdiction over such a claim or cause of action under 28 U.S.C. § 1334. Section 1334 provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Thus, under Section 1334, District Courts only have subject matter jurisdiction when the proceedings are: (1) under Title 11, (2) arising under Title 11, (3) arising in a Title 11 case; and/or (4) related to a Title 11 case. Lead JV, LP v. North

Fork Bank, 401 B.R. 571 (E.D.N.Y. 2009). The first three categories are referred to as "core"

proceedings. The last category of "related to" jurisdiction grants jurisdiction to the federal court if

the outcome of the litigation "might have any 'conceivable effect' on the bankruptcy estate," or has

"any significant connection with the bankrupt estate. In re Cuyahoga Equip. Corp., 980 F.2d 110,

114 (2d Cir. 1992) (citation omitted).

### 1.    The Claims Asserted in the State Court Action are not "Core" Proceedings.

Generally, proceedings arising under the Bankruptcy Code, and proceedings arising in a case

under the Bankruptcy Code, are referred to as core proceedings, whereas proceedings related to a

case under the Code are referred to as non-core proceedings. Bank of Am., N.A. v. Lightstone

Holdings, LLC, 418 B.R. 49 (S.D.N.Y. 2009). A proceeding is core under 28 U.S.C. § 157 if it

invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise

only in the context of a bankruptcy case. Joremi Enters. v. Herskowitz (In re New 118th LLC), 396

B.R. 885, 890 (S.D.N.Y 2008). The claims in the State Court Action are state law breach of contract

and tort claims governed by New York law that accrued prior to the filing of the bankruptcy petition

by the Debtor Merchant, the only defendant that has filed for bankruptcy relief. As a matter of law,

they are not core proceedings, and thus, do not fall within the first three categories of bankruptcy

cases cited above.

A number of courts have held that state law claims for pre-petition breaches of contract are

not core matters. In fact, the United States Supreme Court in N. Pipeline Constr. Co. v. Marathon

Pipe Line Co., 459 U.S. 50 (1982) (superseded by statute on other grounds), unequivocally ruled that

a pre-petition state law breach of contract action constituted a non-core proceeding. See also, Acolyte

Elec. Corp. v. New York, 69 B.R. 155 (E.D.N.Y. 1986) (In determining that the breach of contract

claims do not constitute core proceedings, the court reasoned "…Acolyte compels the conclusions

that as a garden variety contested collection proceeding, <u>Acolyte</u> is clearly a non-core proceeding whose determination revolves solely about the question of who breached the contract, and the extent to which such breach may have been justifiable or excusable."); <u>In re Wood</u>, 825 F.2d 90, 97 (5th Cir. 1987) (If "it is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court," it is not a core proceeding.); <u>In re Dailey</u>, 224 B.R. 307, 313 (S.D.N.Y. 1998) ("Claims whose genesis is unrelated to the bankruptcy case, that is, those which are rooted in the pre-bankruptcy past and are brought under non-bankruptcy law, do not arise under Title 11 or in a case under Title 11, but are at best non-core and, then, only if there is a basis for the assertion of 'related to' jurisdiction."); <u>In re Burger Boys, Inc.</u>, 183 B.R. 682, 685 (S.D.N.Y. 1994) ("Within the wake of *Marathon*, courts have been sure of nothing save that the particular fact situation in *Marathon*—a pre-petition, state law breach of contract action—definitely constituted a noncore proceeding.").

Even if Plaintiff's claims against the Debtor Merchant were deemed "core" claims, which they should not, Plaintiff's breach of contract and tort claims against the non-debtor Defendants are certainly not core claims. As stated by the court in <u>Bank of Am., N.A. v. Lightstone Holdings, LLC</u>, 418 B.R. 49 (S.D.N.Y. 2009):

> A claim 'arises in' a case under the Bankruptcy Code only if the claim 'would have no existence outside of the bankruptcy.' <u>Rednel Tower, Ltd. v. Riverside Nursing Home (In re Riverside Nursing Home)</u>, 144 B.R. 951, 955 (Bankr. S.D.N.Y. 1992); <u>see also</u>, <u>Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.)</u>, 505 F.3d 237, 260 (3d Cir. 2007) (explaining that "claims that 'arise in' a bankruptcy case are claims that by their nature, not their particular factual circumstances, could only arise in the context of a bankruptcy case.") (citation omitted). To be sure, the Debtors' bankruptcy cases serve as the event of default triggering the Guarantors' liability under the Guaranty Agreements. However, claims such as this brought by a non-debtor against a non-debtor involving guarantees are not claims that by their nature could arise only in the context of a bankruptcy case. To the contrary, claims against non-debtor guarantors routinely are brought and adjudicated in state court. <u>See</u>, <u>e.g.</u>, <u>Bank Leumi Trust Co. of New York v. Rattet & Liebman</u>, 182 A.D.2d 541, 582 N.Y.S.2d 707 (1st Dep't 1992). Thus, claims made by Bank of America do not "arise in" a case under the Bankruptcy Code.

Lightstone, 418 B.R. at 57.

It makes no difference that the causes of action in the State Court Action are plead jointly against all Defendants or that there is a close relationship between the Debtor Merchant and the remaining Defendants.  This is true even if the claims against the Debtor Merchant were "core" claims, which they are not.  See In re Exide Techs, 544 F.3d 196 (3d Cir. 2008) ("A single cause of action may include both core and non-core claims.  The mere fact that a non-core claim is filed with a core claim will not mean the second claim becomes "core.")  As stated by the court in In re Exide:

> Nonetheless, insofar as In re RBGSC Inv. Corp. holds that non-core claims against non-debtors are rendered core because of close business relationships between the debtor and non-debtors or "intertwinement" with a claim against a debtor, it is legally unsound and must be overruled. We reiterate that courts must engage in a claim-by-claim analysis to determine whether a proceeding is core. Halper, 164 F.3d at 836-37. Each state court claim removed to bankruptcy court must be considered individually; non-core claims do not become core simply by virtue of being pursued in the same litigation as core claims. Accordingly, the intertwinement theory cannot be sustained.

> We note that the In re RBGSC Inv. Corp. decision has not received subsequent support among district courts in this circuit or others. See, e.g., Mirant Corp. v. Southern Co., 337 B.R. 107, 119 (N.D. Tex. 2006) (disagreeing with the bankruptcy court that "non-core claims were so intertwined with the other claims in the complaint" that core bankruptcy jurisdiction lay); Davis, 282 B.R. at 193 (rejecting defendant's argument that the state court cause of action "is a core proceeding merely because it is 'intertwined with' its indemnity claim"); Equity Broadcasting Corp. v. Shubert (In re Winstar Communs. Inc.), 284 B.R. 40, 50 (Bankr. D. Del. 2002) (evaluating claims arising out of a contract between plaintiff and three sellers, two chapter 11 debtors and wholly-owned subsidiary non-debtor, and holding that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of" section 1334(b)).

> Accepting the rule that Exide urges would turn virtually every claim contained in an action in which the debtor is one of the defendants and which is later removed to bankruptcy court into a core proceeding. The PDH Foreign Entities cannot be required to have their rights against Exide's non-debtor subsidiaries be determined by the Bankruptcy Court solely because Exide invoked its protection. Adoption of the "intertwinement theory" would cause debtors to bring [] every wholly owned subsidiary into every Bankruptcy case regardless of the circumstances and without the safeguards afforded by schedules, statements of financial affairs, notices to creditors, or meetings of creditors . . . [and] could result in debtors and others abusing

the system by withholding from Bankruptcy or bringing into Bankruptcy subsidiaries in a revolving door fashion.

In re Winstar Communs. Inc., 284 B.R. at 51. Moreover, permitting core bankruptcy jurisdiction to stretch so far would present serious constitutional questions. Mirant Corp., 337 B.R. at 119 (observing that "[t]he principles announced in Marathon would be violated if such an intertwinement theory were to be given effect").

Thus, we now conclude that the "intertwinement" theory espoused by In re RBGSC Inv. Corp has no place in our "core" jurisprudence.

In re Exide Techs, 544 F.3d at 220-221. Similarly, the Defendants should not be allowed to bring the claims against the non-debtor Defendants into this Court or the Bankruptcy Court simply because the Defendants are related or because the causes of action are plead jointly in the State Court Action.

Defendants claim that "Plaintiff's allegations concerning future receivables and the bank account directly affect [the Debtor Merchant's] property, which is property of the bankruptcy estate." ECF Doc. No. 1 at ¶ 6. Plaintiff's claims against the Debtor Merchant are stayed pursuant to Section 362 of the Bankruptcy Code. Accordingly, Plaintiff is not arguing that it should be allowed to proceed with the claims against the Debtor Merchant in the State Court Action. Plaintiff's position is that the State Court Action should be remanded, or at minimum the claims against the non-debtor Defendants should be severed and remanded, to the State Court so that it can enter judgment against the non-debtor Defendants pursuant to their bargained-for rights under the Stipulation of Settlement. Clearly, judgments in favor of Plaintiff against the non-debtor Defendants would not allow Plaintiff to execute upon, or take any other actions with respect to, property of the Debtor Merchant's bankruptcy estate.

## 2.    Plaintiff's State Law Claims against the Non-Debtor Defendants are not "Related To" the Bankruptcy Proceedings.

The Defendants argue that, even if Plaintiff's claims and causes of action could be deemed "non-core," they are nevertheless "related to" the bankruptcy proceeding for the purpose of 28 U.S.C. § 1334(b). ECF Doc. No. 1 at ¶ 7. The basis for this assertion is that the "outcome of Plaintiff's

state law claims will alter the Debtor Merchant's total liability, thus affecting the administration of the bankruptcy estate." ECF Doc. No. 1 at ¶ 8. As stated above, regardless of whether the claims against the non-debtor Defendants are adjudicated in this Court or the State Court, the impact on the Debtor Merchant's liability for the joint and several obligation will be the same (i.e., if the Plaintiff recovers some portion of the obligation from the non-debtor Defendants, the Debtor Merchant's potential liability to the Plaintiff will be reduced). Moreover, since the State Court Action is stayed as against the Debtor Merchant and, therefore, will not be adjudicated in this Court or the State Court, the sole issue is then whether Plaintiff's claims against the non-debtor Defendants are "related to" the Debtor Merchant's Bankruptcy Case.

To fall within the scope of "related to" jurisdiction, the litigation must have a "significant connection" with the bankruptcy. Enron Corp. v. Citigroup, Inc., 353 B.R. 51 (S.D.N.Y. 2006). Jurisdiction is not present where the "related" controversy is too tangential to the bankruptcy case. A court must anticipate whether the resolution of the dispute could conceivably impact the estate's administration. Relatedness does not lie where the dispute, while conceivably related to the bankruptcy estate, is so remotely. Id.

Several courts have considered similar circumstances in determining whether state law claims asserted against non-debtor entities which could trigger some basis for altering the liability of the debtor to the plaintiff constitutes "related to" jurisdiction. See In re Combustion Eng'g, Inc. 391 F.3d 190 (3d Cir. 2004) (finding no related to jurisdiction over claims against debtor's co-defendants in large asbestos litigation despite arguments that the bankruptcy estate could be affected by future contribution or indemnification claims); Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co., 302 B.R. 620 (N.D. Iowa 2003) (holding that, because Enron was not named as a defendant and no third party complaint for indemnification had been filed, claims against Enron banker and underwriters were not related to the bankruptcy but simply between non-debtors, despite the plaintiffs' filing

proofs of claim); In re Federal-Mogul Global, 300 F.3d 368 (3d Cir. 2002) (holding that there was not even "related to" jurisdiction over asbestos litigation between non-debtors, based upon possibility that some defendants might assert indemnity claim against debtors).

In this case, the pre-petition state law contract and tort claims asserted in the State Court Action against the non-debtor Defendants do not have a significant connection to the Debtor Merchant's Bankruptcy Case. At best, the entry of judgment against the non-debtor Defendants will allow the Plaintiff to attempt to collect the judgment against assets of the non-debtor Defendants. Since the obligation owed to Plaintiff is joint and several as to all of the Defendants, if the Plaintiff collects some portion of the obligation from the non-debtor Defendants, it could reduce the Debtor Merchant's potential liability to Plaintiff, but that result is the same whether the claims against the non-debtor Defendants are adjudicated in this forum or the State Court. The only way to prevent that result is if the automatic stay were extended to the non-debtor Defendants, which is a high standard that Plaintiff contends could not be met in this case (nor is it currently being sought). See Franco v. Ideal Mortg. Bankers, Ltd., 2017 U.S. Dist. LEXIS 186194 (E.D.N.Y. 2017):

> A bankruptcy petition filed under 11 U.S.C. § 303 automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (emphasis added). Generally, "the Automatic Stay applies only to the debtor and does not stay proceedings brought against non-bankrupt co-defendants." Millard v. Developmental Disabilities Inst., Inc., 266 B.R. 42, 44 (E.D.N.Y. 2001). While an automatic stay can be extended to non-debtor co-defendants, it "normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). "[E]xtensions of the Automatic Stay are the exception rather than the rule and are not favored absent some usual circumstance." Millard, 266 B.R. at 45 (citing CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990)).

Franco, 2017 U.S. Dist. LEXIS 186194 at *4-5.; see also, Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are

limited to debtors and do not encompass non-bankruptcy co-defendants.").  By filing the Notice of Removal at a time when judgment against the non-debtor Defendants was imminent, Defendants essentially sought to extend the automatic stay to the non-debtor Defendants, at least for some period of time.  Defendants should not be allowed to accomplish through the filing of the Notice of Removal what they otherwise would not be entitled to. The only differences between adjudication in this Court or the State Court are that (1) it will almost certainly take longer to adjudicate the claims in this Court, as the procedural basis for the expedited default judgment is under New York civil procedure, and (2) purely state law claims will be heard by a federal court instead of a state court.  Moreover, since all of the Defendants are related, the concerns regarding claims for indemnification or contribution that might be asserted by the non-debtor Defendants are minimal at best.

Based on the foregoing, this Court lacks subject matter jurisdiction over the Plaintiff's claims against the non-debtor Defendants under 28 U.S.C § 1334.

### B. 28 U.S.C. § 1367 does not Provide the Court with Jurisdiction over the State Court Action.

Apparently as a "back stop" Defendants urge the Court, in the event that it does not find jurisdiction over any of the claims in the State Court Action pursuant to 28 U.S.C. § 1334, to exercise "supplement jurisdiction" pursuant to 28 U.S.C. 1367.  As a preliminary matter, the "supplemental jurisdiction" statute cannot be used as an independent source of removal jurisdiction.  McClelland v. Longhitano, 140 F. Supp. 2d 201 (N.D.N.Y. 2001) ("Furthermore, Congress never implied nor indicated that the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367 somehow bestow an independent source of removal jurisdiction on this court for the benefit of state court litigants unhappy with the outcome of the proceedings there.")  As set forth above, Defendants do not otherwise have a basis for removal jurisdiction such that seeking supplemental jurisdiction pursuant to Section 1367 is improper.  None of the claims in the State Court Action arise under or in

the Debtor Merchant's Bankruptcy Case.  There simply is no federal question at issue in this matter, just state court breach of contract claims asserted against a number of defendants, one of which filed for bankruptcy.

A similar issue was addressed in <u>Schaffer v. Atl. Broad. Of Lindwood NJ Ltd.Liab.</u>, 2011 U.S. Dist. LEXIS 53255 (D. N.J. 2011).  In declining to exercise supplemental jurisdiction over state law claims, the court ruled:

> Under these circumstances, the Court finds that remand is appropriate. The Amended Complaint presents no federal questions integral to Plaintiff's remaining state law claims. The Amended Complaint asserts violations of the NJUSL and the NJCFA, and common law claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Those claims do not implicate any rights protected by the U.S. Constitution or any federal statute. They are based upon rights and obligations created by state statutes and state common law. Therefore, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to § 1367(c)(3). <u>See</u> <u>Schaffer</u>, 2010 U.S. Dist. LEXIS 18447, 2010 WL 715349, at *1 (declining to exercise supplemental jurisdiction over plaintiff's remaining state law claims after plaintiff voluntarily dismissed sole federal claim against defendant with prejudice.).

<u>Schaffer</u>, 2011 U.S. Dist. LEXIS 53255 at *7.  Similarly, the Court should decline to exercise supplemental jurisdiction over the state law breach of contract and tort claims in the State Court Action as they do not implicate any rights protected by the U.S. Constitution or any federal statute.

Section 1367(c)(4) provides that a court may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  In this case, there are compelling reasons for declining jurisdiction because the only claim that can possibly be "related to" the Debtor Merchant's bankruptcy is the Plaintiff's claim against the Debtor Merchant.  That claim, however, is subject to the automatic stay imposed by Section 362 of the Bankruptcy Code.

An analogous circumstance was addressed by court in <u>Rush v. Am. Home Mortg., Inc.</u>, U.S. Dist. LEXIS 107336 (D. Md. 2007):

Accordingly, the Court turns to the fourth factor, which provides that the Court may decline supplemental jurisdiction under "exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Given that all claims over which this Court has original jurisdiction are indefinitely stayed by the pending bankruptcy proceedings, it is quite possible that only the state law claims would be tried were the Court to exercise supplemental jurisdiction. In that sense, it is analogous to a case where the federal claims have been dismissed. See Carnegie-Mellon Univ. V. Cohill, 484 U.S 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity  - will point toward declining to exercise jurisdiction over the remaining state-law claims"). Exercise of supplemental jurisdiction under these circumstances would not further the goals of comity and judicial economy. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (discussing the doctrine of pendant jurisdiction later codified in 28 U.S.C. § 1367 and noting that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties"); See also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (discussing factors to be considered in exercising discretion to decline supplemental jurisdiction).

Rush, 2007 U.S. Dist. LEXIS 107336 at *10-11.  Similarly, in this case, since the claims against the

Debtor Merchant are stayed, the exercise of supplemental jurisdiction would only have the effect of

causing this Court to adjudicate state law claims against non-bankrupt parties.

Pursuant to 28 U.S.C. § 1367(c)(2) the district courts may decline to exercise supplement

where state law claims "substantially predominate" over claims which the district court has

jurisdiction.  See City of New Rochelle v. Town of Mamaroneck, 111 F. Supp. 2d 353 (S.D.N.Y.

2000):

"Section 1367(c)(2) [which permits remand where state law claims predominate over federal claims] provides a separate ground for declining to exercise supplemental jurisdiction over the state law claims," stating that "[w]here the state claims constitute the real body of a case to which federal claims are an appendage, declining jurisdiction under this provision is appropriate to prevent a situation wherein permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog."

111 F. Supp. 2d at 370 (citation omitted).  That is clearly the scenario in this case.  This entire case

is made up of state law claims.  There are no federal claims asserted.  With respect to the claims

against the eight non-debtor Defendants, the only basis asserted for federal jurisdiction is that they might have a "conceivable effect" on the Bankruptcy Case filed by the one Debtor Merchant – clearly not a instance where supplemental jurisdiction is appropriate.

Based on the foregoing, the Court should not exercise supplement jurisdiction over the claims asserted in the State Court Action.

### III.   THE COURT MUST ABSTAIN FROM ADJUDICATING THE CLAIMS IN THIS ACTION.

Even if the claims against the Debtor Merchant or non-debtor Defendants could qualify for "related to" jurisdiction pursuant to 28 U.S.C. 1334(b), this Court should nevertheless "abstain" from hearing the case. Pursuant to 28 U.S.C. § 1334(c)(2), non-core, related-to proceedings are subject to mandatory abstention so long as certain prerequisites are met. Where mandatory abstention is determined, remand pursuant to 28 U.S.C. § 1452(b) is appropriate. See Mt. McKinley Ins. Co. v. Corning Inc., 399 F.3d 436 (2d Cir. 2005); see also, In re Cathedral of the Incarnation, 90 F.3d 28, 32-34 (2d Cir. 1996) (holding that Section 1452(b) prohibits appellate review of a decision to remand based on mandatory abstention).

"The three requirements for mandatory abstention are; (1) the proceeding is based on a state law claim which, although related to a title case, does not arise under title 11 or out of a title 11 case; (2) the proceeding could not have been commenced in federal court but for the bankruptcy; and (3) the state court can timely adjudicate the cause of action. Rednel Tower, Ltd. v. Riverside Nursing Home (In re Riverside Nursing Home), 144 B.R. 951, 957 (S.D.N.Y. 1992). The principles of mandatory abstention apply to removed actions. Mt. McKinley Inc. Co. v. Corning Inc., 399 F.3d 436, 446-47 (2d Cir. 2005).

Here, all of the factors are met. All of the causes of action contained in the State Court Action are state law causes of action (breach of contract, breach of guaranty, unjust enrichment, and

conversion). Even if the Court determines that the state law causes of action in the State Court Action were "related to" the Debtor Merchant's Bankruptcy Case, which it should not, they certainly do not "arise under' title 11 or "arise in" a case under title 11. See Bank of Am., N.A. v. Lightstone Holdings, LLC, Supra, 418 B.R. 49 (S.D.N.Y. 2009). The cases of action could not be brought in federal court absent the bankruptcy filing (the only basis asserted in the Notice of Removal for federal jurisdiction is the alleged relation of the claims in the State Court Action to the Bankruptcy Case). The third factor is also met because the State Court Action can be timely adjudicated in the State Court. In fact, it is believed that the Defendants' primary motivation for removing the State Court Action to this Court was to delay the imminent entry of judgment pursuant to CPLR § 3215against the non-debtor Defendants based upon the Defendants' failure to appear in the State Court Action for more than six months.

In Rednel Tower, the landlord of a company that would file for bankruptcy had filed an eviction proceeding in state court. The bankrupt company removed the eviction proceeding to the bankruptcy court. The landlord sought to remand the eviction proceeding back to the New York court in which it was brought. In ruling that the proceeding should be remanded, the court stated:

> These conditions [for mandatory abstention] have been satisfied in the instant case. The eviction action is not a core proceeding arising under title 11 or in a case under title 11. … Absent bankruptcy, the eviction action could not have been brought in federal court. There is not independent basis for federal jurisdiction. In addition, the State Court can efficiently and expeditiously try the eviction action which is based entirely on state law.

Rednel Tower, 144 B.R. at 957. Similarly, in this case, none of the claims in the State Court Action could have been brought in this Court.

Based on the foregoing, this Court must abstain from adjudicating the claims in the State Court Action pursuant to 28 U.S.C. § 1334(c) and remand is appropriate pursuant to 28 U.S.C. § 1452(b).

IV.    **THE DOCTRINES OF PERMISSIVE ABSTENTION AND
EQUITABLE REMAND SHOULD BE APPLIED IF THE COURT
DETERMINES MANDATORY ABSTENTION IS NOT
APPLICABLE.**

In the event that the Court determines that mandatory abstention does not apply to this matter,

the Court should still remand the case to the State Court based upon the doctrines of equitable remand

and permissive abstention.  The doctrine of permissive abstention under 28 U.S.C. § 1334(c)(1)

provides as follows:

> [e]xcept with respect to a case under chapter 15 of title 11, nothing in this section
> prevents a district court in the interest of justice, or in the interest of comity with State
> courts or respect for State law, from abstaining from hearing a particular proceeding
> arising under title 11 or arising in or related to a case under title 11.

The factors governing discretionary abstention under 28 U.S.C.S. § 1334(c)(1) include: (1)

the effect or lack thereof on the efficient administration of the bankruptcy estate if a court

recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related

proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if

any, other than 28 U.S.C.S. § 1334, (6) the degree of relatedness or remoteness of the proceeding to

the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8)

the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be

entered in state court with enforcement left to the bankruptcy court, (9) the burden on the court's

docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves

forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence

in the proceeding of nondebtor parties.  Moelis & Co., LLC v. Wilmington Trust FSB, 460 B.R. 592

(S.D.N.Y. 2011).

The doctrine of equitable remand pursuant to 28 U.S.C. § 1452(b) provides, in pertinent part, as follows: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  Courts consider a number of factors in deciding whether to remand under this section.  These factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.  Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405 (S.D.N.Y. 1991).

The equitable considerations relevant to the appropriateness of equitable remand and discretionary abstention under 28 U.S.C. § 1452(b) and § 1334(c)(1), respectively, are essentially identical, and, therefore, the court's analysis is essentially the same for both types of relief.  Ashland Inc. v. G-I Holdings Inc., 564 B.R. 217 (D. N.J. 2016).

In Ashland Inc. v. G-I Holdings Inc., the court analyzed a similar factual scenario and ruled:

> This action primarily concerns resolution of a state law breach of contract claim and other related relief. Although resolution of the action may necessarily require interpretation of the Bankruptcy Code and Confirmed Plan, the state court is fully capable of resolving claims, such as this, that may require interpretation of Bankruptcy Court orders. Further, the resolution of this case will not affect the distribution to creditors and is unlikely to unduly impact the administration of the estate. Additionally, BMCA, a defendant in this action, is not a debtor. The fact that BMCA is not a debtor in the Bankruptcy Court similarly weighs in favor of abstention. See In re Semcrude, 442 B.R. at 276. For these reasons, permissive abstention is appropriate.

Ashland, 564 B.R. at 254; see also, Tech. Outsource Solutions, 2003 U.S. Dist. LEXIS 1475 at *13-16 (W.D.N.Y. 2003) (abstaining on discretionary grounds in the interest of comity because state law contract issues predominate the action); Universal Well Servs., 222 B.R. 26, 31 (W.D.N.Y. 1998) (finding permissive abstention appropriate where the parties were non-debtors, the claims were based

exclusively on state law, the actions were only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy case); Buechner v. Avery, U.S. Dist LEXIS 13735 at *5 (S.D.N.Y. July 8, 2005) ("Only state law claims are asserted, all purportedly arising under New York law.  This factor weighs in favor of remand.); Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship., 2004 U.S. Dist. LEXIS 8168, at *2 (S.D.N.Y. May 7, 2004) (remanding "perfectly ordinary state-law actions that invoke no aspect of bankruptcy law, that proceed against numerous defendants who are not in bankruptcy and who are jointly and severally liable for all claims and that, even as to the bankrupt defendant, concern actions taken long before the bankruptcy filing); Ross v. Tognetti (In re Tognetti), 2006 Bankr. LEXIS 2216 (S.D.N.Y. 2006) (holding that permissible abstention was warranted to allow the plaintiff to remand the case to state court where the parties had entered into a settlement agreement resolving some of the claims in the action prior to the bankruptcy filing and had agreed that the state court would retain jurisdiction to enforce the terms of the settlement agreement if the parties did not comply with its provisions); 9281 Shore Rd. Owners Corp v. Seminole Realty Co. (In re 9281 Shore Rd. Owners Corp.), 214 B.R. 676, 696 (E.D.N.Y. 1997) (holding that equitable remand was appropriate where (1) expertise of state court would effect a more efficient estate administration since state court judgments were more familiar with state law claims involved, (2) debtor's claims were not governed by federal law such that state law necessarily predominates in the removed action, and (3) comity considerations dictate that "federal courts should be hesitant to exercise jurisdiction when 'state issues substantially predominate'.")

In this case, application of the factors in favor of permissive abstention and equitable remand are as follows:  (1) the claims in the State Court Action are not "core" matters, (2) there are only state law claims asserted in the State Court Action, (3) there are no federal claims asserted or federal questions presented, (4) there are numerous defendants and only one has filed for bankruptcy, (5) the

automatic stay will remain in effect as to claims against the Debtor Merchant in the State Court

Action, (6) there is no jurisdictional basis with respect to the Plaintiff's claims against the non-debtor

Defendants, (7) the only possible basis for jurisdiction over the Debtor Merchant is "related to"

jurisdiction pursuant to 28 U.S.C. 1334(b), (8) the claims will be adjudicated far more quickly in the

State Court as there is already a motion for a default judgment pursuant to CPLR § 3215(i), (9)

judgment against the non-debtor Defendants will not affect property of the bankruptcy estate, (10)

the claims in the State Court Action are not related to any proceedings in the Bankruptcy Case, (11)

the claims against the non-debtor Defendants can be severed from the claims against the Debtor

Merchant allowing the claim of the Debtor Merchant, which is the only claim over which jurisdiction

could conceivably be found, to remain in this Court and transferred to the Bankruptcy Court, while

the claims against the non-debtor Defendants are remanded to the State Court, (12) there will be

substantial prejudice to Plaintiff if the action is removed because plaintiff has already moved for

default judgment and that right, which was being exercised prior to removal, would be taken away if

this case remains in this Court unless this Court determined it could apply an analogous federal rule

of civil procedure (see Madar v. Johnson, 2019 U.S. Dist. LEXIS 109434, at *22 (N.D.N.Y. 2019)

(holding that, where state court action had been deemed ready for trial prior to removal, evidence

weights heaving in favor of remand because (a) actions have already been taken in the state court

proceedings, and (b) retention of jurisdiction by federal court would result in significant, prejudicial

delay in matter that could be resolved in an expeditious manner in state court forum), (13) judicial

economy favors abstention and remand because the Motion for Default Judgment is already before

the State Court, (14) removal of the State Court Action is a delay tactic and forum shopping by the

Defendants to avoid the imminent entry of a judgment against the non-debtor Defendants pursuant

to CPLR § 3215.

Based on the foregoing, the Court should abstain from hearing the claims in this action and

remand this action back to the State Court or, alternatively, sever the claims against the non-debtor

Defendants and remand those claims to State Court.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to remand, abstain, and/or sever this action

to the State Court should be granted in its entirety.


Dated: July 17, 2024                    **BERKOVITCH & BOUSKILA PLLC**
                                        *Counsel for Plaintiff*


                                        _Ariel Bouskila_
                                        Ariel Bouskila, Esq.
                                        1545 Route 202 Suite 101
                                        Pomona, NY 10970
                                        T: 212-729-1477
                                        Email: ari@bblawpllc.com